IN THE UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.:

5:18-CV-175-OC-30PRL

NANCY OAKLEAF,

    Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.
_____/

### DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendants, STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. (hereinafter "State Farm"), by and through undersigned counsel, hereby files its Notice of Removal pursuant to 28 U.S.C. § 1446 and, in support thereof, states:

1. Plaintiff, NANCY OAKLEAF, ("Plaintiff") filed a complaint in this action against State Farm, on or about February 26, 2018, in the Circuit Court for the Fifth Judicial Circuit in and for Marion County, Florida. See Complaint attached hereto as Exhibit "A".

2. State Farm was served with process of the Complaint on or about March 21, 2018. See Notice of Service of Process, attached hereto as Exhibit "B".

3. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States." 28 U.S.C. § 1332(a). The action before this Court satisfies the requirements for diversity of citizenship jurisdiction and therefore, the Defendants hereby request removal of this action to this Court for all further proceedings.

4. A case may be removed within thirty days after receipt by the defendant of the initial pleading, or "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

5. Plaintiff's Complaint states only that she is seeking damages in excess of $15,000.00. See Complaint ¶ 1. However,

Plaintiff's Complaint pleads damages for permanent bodily injury and resulting pain and suffering, expense of hospitalization, medical and nursing care and treatment, and loss of earnings. The complaint also claims that Plaintiff will suffer future loss. See Complaint ¶ 7.

6. On February 8, 2018 counsel for Plaintiff sent correspondence to State Farm entitled "Final Settlement Offer Prior to Surgery on February 20, 2018", demanding policy limits of $100,000.00 to settle the Plaintiff's claim. State Farm attempted to tender the policy limits, however, because the tender was made after the deadline stated in the demand letter, Plaintiff's counsel sent another letter on February 21, 2018 rejecting the $100,000.00 offer of settlement. See correspondence, attached hereto as Exhibit "C".

7. From these additional papers, it can be ascertained that the amount in controversy is over $75,000.00. As such, this Notice of Removal is timely filed by State Farm.

8. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this action because the parties to this action are diverse and the amount in controversy exceeds $75,000.00.

9. Plaintiff is a citizen and resident of the State of Florida. See Florida Traffic Crash Report attached as Exhibit "D". State Farm is an Illinois corporation with its prinicpal place of

business in Bloomington, Illinois. See Entity Detail Form, Florida Department of State, Division of Corporations hereto attached as Exhibit "E". 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State or foreign state where it has its principal place of business").

10. In addition, the amount in controversy in this action exceeds the jurisdictional limits of this Court.

11. This cause of action involves an automobile accident that occurred on March 15, 2017 in Marion County, Florida. See Exhibit "D". Plaintiff has made an uninsured/underinsured motorist claim against State Farm. The uninsured/underinsured coverage totals $100,000.00 per person, $200,000.00 per accident. See records attached hereto as composite Exhibit "F". These coverage limits exceed the jurisdictional requirements and do not create a cap barring this case from removal.

12. In accordance with Rule 4.02(b), Local Rules for the Middle District of Florida, the Defendant files along with this Notice herewith a copy of "all process, pleadings, orders and other papers or exhibits of every kind, including depositions then on file in the state court. Defendant has served on all parties and the Clerk of the State Court a copy of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

## CERTIFICATE OF SERVICE

I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system this 11th day of April, 2018, to: Mr. Christopher Welch, Esq., Law Offices of Charles R. Tucker, 300 SE 1st Ave., Ocala, FL 34471, serviceckw@charlietuckerpa.com; ckwelch@charlietuckerpa.com.

                                                 _____
                                                 Andrew J. Leeper, Esquire
                                                 Florida Bar No.: 717029
                                                 Leeper & Associates, P.A.
                                                 218 Annie Street
                                                 Orlando, FL 32806
                                                 Telephone No.: (407) 488-1881 (rbd)
                                                 Facsimile No.: (407) 488-1999
                                                 legalservice@lhlaworlando.com
                                                 Attorneys for Defendant
                                                    State Farm Mutual Automobile Insurance Company